IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYNER E.V.S, <br><br>      Petitioner, <br><br>     vs. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, <br><br>     Respondent. | Civil No. 1:26-cv-05034-MWJS <br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE <br><br> A# 220-845-018 |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Jayner E.V.S.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241 ("petition"), Dkt. No. 1, and an

application for temporary restraining order ("TRO application"), Dkt. No. 2.

Upon entering the country in March 2022, Petitioner was arrested by

immigration authorities and placed in removal proceedings. *Jayner E.V.S. v. Warden Cal.*

*City Det. Ctr.*, No. 1:26-cv-03554-MWJS, 2026 WL 1330817, at *1 (E.D. Cal. May 12, 2026).

Petitioner was then released on his own recognizance. *Id.* Immigration authorities later

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

encountered Petitioner at the Turner Guilford Knight Correctional Center in Florida, and they re-detained him on February 1, 2026. *Id.*; Dkt. No. 1, at pg. 3.

Petitioner filed a previous habeas petition arguing that his detention without a bond hearing violated his due process rights. *Jayner E.V.S.*, 2026 WL 1330817, at *1. The court granted the petition in part, and Petitioner received a bond hearing on May 19, 2026. *See* Status Report, *Jayner E.V.S.*, No. 1:26-cv-03554-MWJS (E.D. Cal. May 22, 2026), Dkt. No. 10. After the bond hearing, an immigration judge denied Petitioner's request for a change in custody status on May 22, 2026. *Id.* at pgs. 3–6.

Approximately a month later, Petitioner signed the petition now before the court. Dkt. No. 1, at pg. 14. In this petition, Petitioner "challenges [his] prolonged civil immigration detention and seeks immediate release, not a review or appeal of the [immigration judge's] bond determination." *Id.* at pg. 5.

As the court has already concluded, Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a). *Jayner E.V.S.*, 2026 WL 1330817, at *1. Section 1226(a) authorizes the government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the government's detention authority under 8 U.S.C. § 1226(a) is

2

"limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified).  In *Zadvydas*, the Supreme Court also stated that a six-month period of detention is presumptively reasonable.  533 U.S. at 701.

Here, Petitioner's current detention is presumptively reasonable because it has not exceeded six months.  *See Santibanez Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-cv-00547 DJC SCR, 2026 WL 947251, at *2 (E.D. Cal. Apr. 8, 2026) ("[P]etitioner's roughly three-month detention under § 1226(a) is neither prolonged nor indefinite.  It has yet to exceed the presumptively reasonable six-month period of detention identified by the Supreme Court in [*Zadvydas*]."), *report and recommendation adopted sub nom. Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-cv-00547 DJC SCR, 2026 WL 1147428 (E.D. Cal. Apr. 27, 2026); *see also Prieto-Romero*, 534 F.3d at 1065 (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite").  And petitioner has not otherwise provided good reason to believe that his current period of detention is not reasonably necessary to bring about his removal.

Should his circumstances materially change, Petitioner may request another bond redetermination hearing before an immigration judge.  *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  Petitioner may then seek review of any bond redetermination decision by the Board of Immigration Appeals (BIA).  *See* 8 C.F.R. 1003.19(f); *Rodriguez Diaz*, 53 F.4th at 1197.  In general, Petitioner

3

must exhaust his administrative remedies prior to seeking relief in federal court.  *See*

*Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[Petitioner] should have

exhausted administrative remedies by appealing to the BIA before asking the federal

district court to review the IJ's decision."); *Clifton F. v. Warden, Cal. City Corr. Facility*,

No. 1:26-cv-03398-MWJS, 2026 WL 1407948, at *2 (E.D. Cal. May 19, 2026) ("A

noncitizen challenging an IJ's adverse bond determination must appeal that

determination to the BIA before seeking habeas review.").

The court therefore DENIES the petition without prejudice.  Considering the

foregoing, the TRO application, Dkt. No. 2, is DENIED.  The Clerk of Court is

DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED:  July 6, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-05034-MWJS; *Jayner E.V.S. v. Warden, California City Correctional Center*;
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT
PREJUDICE